

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# De Vargas Nunez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3220

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"De Vargas Nunez v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1678.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1678

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3220

SILVIO DE VARGAS NUNEZ,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A40-077-372)
Immigration Judge:  Hon. Grace A. Sease

Submitted under Third Circuit LAR 34.1(a)
September 25, 2007

Before:  BARRY, CHAGARES and ROTH, <u>Circuit Judges</u>

(Opinion filed:  January 30, 2008)

## OPINION

**PER CURIAM**:

Silvio De Vargas Nuñez, a citizen of the Dominican Republic, seeks review of a final order issued by the Board of Immigration Appeals ("BIA"). For the reasons that follow, we will dismiss the petition for review.

De Vargas Nuñez was admitted to the United States in 1986 as a lawful permanent resident. In 2002, he was convicted of attempted criminal possession of a controlled substance (cocaine), fifth degree, in violation of New York Penal Law § 220.06. In 2003, he was convicted of attempted criminal sale of a controlled substance (cocaine), in violation of New York Penal Law § 220.31, for which he served eighteen months in prison.

The government charged him with removability as an alien convicted of a controlled substance offense, in violation of 8 U.S.C. § 1227(a)(2)(B)(i), and of an aggravated felony, in violation of 8 U.S.C. § 1227(a)(2)(A). After a hearing, on July 26, 2004, the Immigration Judge ("IJ") found De Vargas Nuñez removable under both provisions and ordered him removed to the Dominican Republic. The IJ noted that De Vargas Nuñez sought no relief from removal and appeared to be ineligible for any such relief due to his aggravated felony conviction. De Vargas Nuñez appealed the decision. By order dated December 13, 2004, the BIA adopted and affirmed the IJ's decision, noting that the state drug trafficking offense

2

qualifies as an aggravated felony and that De Vargas Nuñez was properly found removable as charged.

In January 2005, De Vargas Nuñez filed in the United States District Court for the Middle District of Pennsylvania a pro se motion to stay removal, followed by a habeas petition (M.D. Pa. Civ. No. 05-cv-00029).[1] During the pendency of his habeas petition, the REAL ID Act of 2005 took effect on May 11, 2005, which required the District Court to transfer the habeas petition to this Court to be treated as a petition for review. See Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir. 2005).[2]

We have jurisdiction to review "constitutional claims or questions of law" raised in this petition for review. 8 U.S.C. § 1252(a)(2)(D). To that end, De Vargas Nuñez now raises the legal question of whether his New York conviction qualifies as an aggravated felony. See Tran v. Gonzales, 414 F.3d 464, 467 (3d Cir. 2005). Yet under 8 U.S.C. § 1252(d)(1), we lack jurisdiction to consider this challenge because De Vargas failed to exhaust his administrative remedies. Although he appealed from the IJ's order, he did not dispute that

---

[1] Later, in early March 2005, De Vargas attempted to file a motion with the agency to reopen the proceedings, but the filing was rejected for failure to comply with the filing fee requirements. On March 25, 2005, on its own motion, the BIA vacated and re-issued its order (incorporating the text of the original order) to correct a defect in service.

[2] The petition for review is now ripe for our review. We note that procedural events in this matter contributed to the somewhat lengthy passage of time since the petition was first transferred. These events include the administrative termination of the case when De Vargas Nuñez failed to file a brief, the subsequent reopening, multiple extensions of time granted to him to file a brief, his counsel's entry and eventual withdrawal of appearance in the matter, and the pendency of his pro se motions to stay removal and for appointment of counsel.

3

he was convicted of an aggravated felony. Because De Vargas Nuñez did not contest the issue before the BIA, the claim is unexhausted. Cf. Popal v. Gonzales, 416 F.3d 249, 253 (3d Cir. 2005) (the purposes of exhaustion are met when the issues have been fairly presented to the BIA). Absent exhaustion of available administrative remedies, De Vargas Nuñez's claim is not properly before us.[3]

De Vargas Nuñez also asserts that he is entitled to cancellation and deferral of removal based on his family circumstances, as well as to relief under the Convention Against Torture due to hardships he will face as a repatriate to the Dominican Republic. As with his challenge to the finding of having committed an aggravated felony, these claims are unexhausted. He did not apply for any such relief before the IJ or the BIA.[4] These claims are not properly before us, and we will not consider them in the first instance.

We add that his petition for review appears to raise claims regarding the ineffective

---

[3] De Vargas Nuñez's argument is based on Lopez v. Gonzales, 127 S. Ct. 625 (2006). We recognize that Lopez was not decided until the conclusion of De Vargas Nuñez's agency proceedings, but that fact does not change the reality that De Vargas Nuñez did not raise the claim in any manner and thus failed to preserve the claim for review.

[4] De Vargas Nuñez attaches to his brief an excerpt from the July 14, 2004 hearing before the IJ. During that hearing, the government withdrew the aggravated felony charge that was based on a conviction under New York Penal Law § 220.06 of attempted criminal possession of cocaine, prompting the IJ to inform De Vargas Nuñez that he was eligible to apply for cancellation of removal. (A.R. 42, 141.) However, the government later re-filed the aggravated felony charge based on an additional allegation referencing De Vargas Nuñez's 2003 conviction under New York Penal Law § 220.31 of attempted criminal sale of cocaine. (A.R. 105.) De Vargas Nuñez admitted to the convictions at the July 26, 2004 hearing. (A.R. 54.) As stated earlier, the IJ noted in her oral decision that De Vargas Nuñez sought no relief from removal and appeared to be ineligible for any such relief due to his aggravated felony conviction. (A.R. 32.)

4

assistance of counsel regarding his state criminal cases and his appeal to the BIA. De Vargas Nuñez appears to have abandoned these claims because he does not refer to them in his brief. We note that the matter of his New York counsel is not before us within our consideration of the petition for review of the final order of removal. Moreover, the matter of immigration counsel's ineffectiveness appears to have no basis; the administrative record reflects that De Vargas Nuñez appeared before the BIA pro se, and there is no indication that counsel had ever filed an appearance during the BIA appeal.

We will **dismiss** the petition for review.